This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**NO. 31,432**

**JOSEPH FLORES, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant challenges the sufficiency of the evidence to support his convictions

for aggravated assault against a household member with a deadly weapon and false imprisonment. [MIO 1] We issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm Defendant's convictions.

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

In order to convict Defendant of aggravated assault against a household member with a deadly weapon, the State was required to prove beyond a reasonable doubt that: (1) Defendant threatened the victim with a steak knife, (2) Defendant's conduct caused the victim to believe that Defendant was about to intrude on her bodily integrity or personal safety by touching or applying force to her in a rude, insolent, or angry manner, (3) a reasonable person in the same circumstances as victim would have had the same belief, (4) Defendant used a steak knife, and (5) the victim was a household member of Defendant. [RP 138] *See* NMSA 1978, § 30-3-13(A) (1995). A "household member" is defined as "a spouse, former spouse, parent, present or former stepparent, present or former parent in-law, grandparent, grandparent-in-law, a co-parent of a child or a person with whom a person has had a continuing personal relationship." *See* NMSA 1978, § 30-3-11(A) (2010). [RP 139] There is no dispute that the victim is a household member under this definition. [MIO 5]

In this case, the victim testified that Defendant was at her home arguing with her over their breakup, retrieving his belongings, and moving out of the residence. [DS 3] After the victim received a phone call from a male, Defendant became violent. The victim testified that at one point, Defendant got a steak knife from the kitchen, got on top of her, put the steak knife to her nose, and threatened to cut it off. [DS 4, MIO 5] The victim testified that Defendant left a small cut on her nostril. [DS 4, MIO 5]

We believe that this testimony is sufficient to support Defendant's conviction for aggravated assault against a household member with a deadly weapon. *See State v. Quintana*, 2009-NMCA-115, ¶¶ 22-25, 147 N.M. 169, 218 P.3d 87 (holding that the evidence was sufficient to support the conviction for aggravated assault against a household member with a deadly weapon, where there was evidence that the defendant came to his home, pointed a gun at his head and chest and threatened to shoot him after coming to his home to retrieve some personal property after a breakup).

In order to convict Defendant of false imprisonment, the State was required to prove beyond a reasonable doubt that: (1) Defendant confined or restrained the victim against her will, and (2) Defendant knew he had no authority to confine the victim. [RP 140] *See* NMSA 1978, § 30-4-3 (1963) ("False imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so.").

The victim testified that after hitting her in the back of the head and throwing her to the ground, Defendant dragged her to the bedroom, got on top of her, and would not let her go. [DS 4, MIO 4] The victim testified that she was able to get off the bed and tried to leave but Defendant blocked her way. [DS 4] The victim testified that Defendant then left the bedroom and she tried to leave the residence again, but

Defendant again blocked her exit and would not let her leave. [DS 4, MIO 4] We hold that this evidence is sufficient to support Defendant's conviction for false imprisonment. *See State v. McGee*, 2002-NMCA-090, ¶¶ 20-21, 132 N.M. 537, 51 P.3d 1191 (holding that the evidence was sufficient to support the conviction for false imprisonment where there was testimony that the defendant pinned the victim down in the master bedroom, rigged a door to prevent her leaving, and removed the phones so she could not call police).

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**TIMOTHY L. GARCIA, Judge**